UNITED STATES OF AMERICA,

        Plaintiff

   v.

APPROXIMATELY $171,194.18 US
CURRENCY FROM AS SEB PANK
INTERNATIONAL BANK ACCOUNT
NUMBER ENDING IN 3225,

        Defendant.

Case No. 20-cv-1067-pp

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 9)
AND DISMISSING CASE**

On July 14, 2020, the plaintiff filed a complaint for *in rem* civil forfeiture. Dkt. No. 1. The plaintiff sought entry of default on January 7, 2021, dkt. no. 8, which the clerk entered that same day. The plaintiff also filed a motion for default judgment. Dkt. No. 9. The court will grant that motion.

**I.    ENTRY OF DEFAULT**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

The plaintiff alleges that approximately $171,194.18 in United States currency from an AS SEB Pank international bank account ending in 3225 is

1

subject to forfeiture under 18 U.S.C. §§981(a)(1)(C), 1956(c)(7) and 1961(1) for violations of 18 U.S.C. §1343. Dkt. No. 1 at 1.

Around June 18, 2019, Magistrate Judge William E. Duffin issued a warrant authorizing the seizure of up to $196,081.78 on deposit in AS SEB Pank account ending in 3225; the account was held in the name of Sigma di Evaristo Ambrogani, Tallinn, Estonia. Id. at ¶3. On March 19, 2020, the U.S. Treasury received a wire transfer in the amount of $171,194.18 from AS SEB Pank, after the FBI executed the search warrant on the account. Id. at ¶2. The warrant was executed, and the property seized, in Tallinn, Estonia and currently is in the custody of the U.S. Marshal in Milwaukee, Wisconsin. Id. at ¶4.

The plaintiff posted notice on the official government internet site for at least thirty consecutive days beginning on July 15, 2020, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Dkt. No. 6. The plaintiff also plaintiff filed a notice of the complaint for civil forfeiture of property and served it along with a copy of the verified complaint on the potential claimant, Sigma di Evaristo Ambrogiani, at Via Gagliani 4, Bellaria Igea Marina, RN 47814, Italy. Dkt. No. 5. A company at that address, Sigma di Sergio Ambrogiani & C. s.a.s.,[1] responded, stating that it had no claim to the money in the AS SEB Pank account. Dkt. No. 9-1.

---

[1] "s.a.s." is an Italian limited liability partnership. https://attorneyitaly.com/italy-limited-liability-partnership-sas/

The court is satisfied that the plaintiff has properly posted notice and served the verified complaint on the sole potential claimant.

**II.     MOTION FOR DEFAULT JUDGMENT (DKT. NO. 9)**

After the entry of default, the plaintiff may move for default judgment under rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The plaintiff has established that the property was subject to forfeiture under 18 U.S.C. §§981(a)(1)(C), 1956(c)(7) and 1961(1) for violations of 18

3

Case 2:20-cv-01067-PP   Filed 02/09/21   Page 3 of 5   Document 11

U.S.C. §1343. The complaint describes a series of cross-border financial fraud schemes, including a Business Email Compromise ("BEC") scheme in which the perpetrator obtains unauthorized access to the email address of a victim company's vendor, then instructs the victim company to wire money to a bank account controlled by the perpetrator or perpetrators on the false pretense that the bank account belongs to the victim company's vendor. Dkt. No. at ¶¶9-10. It explains that in March 2018, an unknown perpetrator ran such a BEC scam against victim RTC, a business located in the Eastern District of Wisconsin. Id. at ¶12. The perpetrator obtained the email account of an employee working at a vendor company in Italy; the vendor supplies tile-cutting products to RTC. The victim had been doing business with this vendor—Sigma—for over three years. Id. at ¶13. When the unknown perpetrator obtained an email address of a Sigma employee, the perpetrator fraudulently directed RTC to wire €157,217.59 to the AS SEB Pank account—an account that does not belong to Sigma. Id. at ¶17. RTC relied on the email and wired the money. Id. at ¶¶18-19. The perpetrator followed up by posing as a different Sigma employee and claiming that Sigma had been unable to access the funds, seeking to transfer them to a different account in Hong Kong. Id. at ¶21. The entire series of transactions was fraudulent. Id. at §22.

The U.S. Marshals Service seized the funds under the Warrant of Arrest *in rem* on July 30, 2020, after the funds originally were seized when the FBI executed the search warrant and the U.S. Treasury received the funds by wire transfer around March 19, 2020 wh. Dkt. No. 9 at ¶2. The plaintiff has

provided notice to the only known potential claimant by posting notice under Rule G(4)(a)(iv)(C). The well-pleaded allegations in the complaint demonstrate that the defendant property $171,194.18 is subject to forfeiture by the plaintiff. Because no claimant with a valid interest filed a claim within the statutory period, the court will grant default judgment.

### III. CONCLUSION

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 9.

The court **ORDERS** that the defendant property, approximately $171,194.18 in United States currency seized from the AS SEB Pank international bank account ending in 3225 is **FORFEITED** to the United States of America.

The court **ORDERS** that no right, title, or interest in the defendant property shall exist in any other party.

The court **ORDERS** that the United States Marshals Service for the Eastern District of Wisconsin or its duly authorized agent shall seize the defendant property and shall dispose of it according to law.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 9th day of February, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**